IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W. CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, LISA C., Executive Office Case Management; KATIE THOMPSON, Banker; LISA LOMACK, and W. RANDALL PARAGAS,<br><br>Defendants. | 4:23CV3060<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's "Motion for New Trial of Entry Bad Judgment" (the "Motion"). Filing No. 16. The Court construes Plaintiff's filing either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).[1]

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion need not be filed within a specific timeframe, and instead "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). As Plaintiff's Motion was filed on October 30, 2023, *see* Filing No. 16, four days after the judgment of dismissal was entered, *see* Filing No. 15 (entered October 26, 2023), the Motion is timely filed under either rule.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b), has a much broader scope, providing that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6).

Plaintiff's case was dismissed as Plaintiff's complaint failed to state a claim against any defendant upon which relief may be granted and as Plaintiff failed to comply with this Court's Initial Review Order requiring Plaintiff to file an amended complaint that:

> sufficiently describes his claims against each of the Defendants. *Plaintiff should be mindful to clearly explain why any of the Defendants meet the "color of law" standard required as well as what each Defendant did to him, when Defendant(s) did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.*

Filing No. 14 at 2 (quoting Filing No. 12 at 6).

It appears Plaintiff now seeks to set aside the judgment of dismissal and reopen his case; however, the totality of Plaintiff's Motion states the following: "Violation of Statue law rules codes 440 civil rights breaking. The law of federal law 24-722 any Judge could be removed for conviction." Filing No. 16. As Plaintiff does not argue that he seeks to reopen his case to correct an error of law or fact or to present newly discovered evidence, Plaintiff's Motion if brought under Rule 59(e) would fail. Rule 60(b), also offers no relief as Plaintiff fails to argue that any "mistake, inadvertence, surprise, or excusable neglect" would justify setting aside the judgment of dismissal. Fed. R. Civ. P. 60(b)(1)-(5).

Finally, even the catch all for "any other reason that justifies relief" of Rule 60(b)(6) provides no basis for setting aside the judgment as Plaintiff's Motion is simply

incomprehensible. Plaintiff cites to various statutes in his motion and offers the conclusion that "any judge could be removed" but gives no indication of how the cited statutes relate to his case or how anything in his motion relates to setting aside the judgment of dismissal.

For these reasons IT IS THEREFORE ORDERED: Plaintiff's "Motion for New Trial of Entry Bad Judgment," Filing No. 16, is denied.

Dated this 15th day of November, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court